Opinion issued September 17, 2007










In The

Court of Appeals

For the

First District of Texas

____________


NO. 01-07-00621-CV

____________


IN RE ALISA KAY FONTENOT, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION Relator Alisa Kay Fontenot filed a petition for a writ of mandamus in which
she asks this Court to direct Judge Glick to refuse to exercise jurisdiction in two
underlying cases that were transferred from Bexar County and Montgomery County
to Harris County. (1)


 As best as can be determined from the mandamus record, there are multiple
underlying proceedings. First, there is an underlying divorce proceeding in Bexar
County. In re Fontenot, No. 2006CI19142 (37th Dist. Ct., Bexar County, Tex.). 
Second, there is conservatorship proceeding for one of the children in Liberty County. 
In re Pfiester, No. CV65561 (253rd Dist. Ct., Liberty County, Tex.). Third, there is
a separate conservatorship proceeding for two other children in Bexar County. In re
Pfiester, No. 2007-PA-00913 (225th Dist. Ct., Bexar County, Tex.). There is nothing
in the mandamus record concerning a proceeding in Montgomery County.

 The only orders in the mandamus record are a May 11, 2007 order signed by
the Honorable Mary Craft, who apparently was sitting as a visiting judge for the
253rd District Court of Liberty County, and a June 26, 2007 order that appears to
have been signed by the Honorable Peter Sakai, judge of the 225th District Court of
Bexar County. There is no order in the mandamus record signed by Associate Judge
Glick or a reporter's record from a hearing conducted by Judge Glick.

 We have no general mandamus jurisdiction over a judge outside this Court's
court of appeals district. See Tex. Gov't Code Ann. §22.221(b)(1) (Vernon 2004). 
Bexar County, Liberty County, and Montgomery County are not in this Court's court
of appeals district. See Tex. Gov't Code Ann. §22.201(b) (Vernon Supp. 2006). 
Relator neither has provided a copy of any order from a district or county judge in
this Court's court of appeals district nor claimed that any such order exists. See Tex.
R. App. P. 52.3(j)(1)(A) (petition must contain certified or sworn copy of any order
complained of, or any other document showing matter complained of).

 Because there is no evidence in the mandamus record that Judge Glick has
taken any action for which mandamus relief lies, we deny the petition for a writ of
mandamus. (2)


PER CURIAM

Panel consists of Justice Nuchia, Hanks, and Bland.
1. 
 
2. 
 
 ' §